UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CODY W. PHELPS,<br><br>Plaintiff,<br><br>v.<br><br>RON NEAL, et al.,<br><br>Defendants. | CAUSE NO.: 3:19-CV-331-RLM-MGG |

OPINION AND ORDER

Cody W. Phelps, a prisoner without a lawyer, filed a complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, this court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006).

In the complaint, Mr. Phelps alleges that, on January 31, 2019, the ceiling and a shelf in his cell fell on his head as he was standing at his sink in his cell at the Indiana State Prison. As a result, he suffered a wound on his right temple that required stitches, and he asked Officer Warner for medical assistance. Lieutenant McNeal arrived and

escorted Mr. Phelps to the medical unit, where a nurse did not properly treat his wound but instead merely cleaned it and taped it shut. Lieutenant McNeal returned Mr. Phelps to his cell, which was unsafe due to the continued risk of the shelf and debris falling from the ceiling. When Mr. Phelps removed his hat, the tape that had been holding his wound shut came with it, and his wound began to bleed again. He asked Sergeant Gordon to return to the medical unit, but she denied his request. However, she moved him to a safer cell seven hours later. When he filed a grievance about the inadequate treatment, Lieutenant McNeal and Sergeant Gordon falsely responded that Mr. Phelps caused the shelf to fall by tampering with the bolt securing it to the wall and falsely reported that Mr. Phelps had received a disciplinary conduct report. Officer Warner later told Mr. Phelps that Sergeant Gordon had asked him to falsify a disciplinary conduct report regarding the incident but that he had refused.

Mr. Phelps asserts an Eighth Amendment claim against Lieutenant McNeal for returning him to his cell despite the likelihood that the shelf and other items would continue falling from the ceiling. "In order to state a claim under the Eighth Amendment for deliberate indifference to a hazardous condition of confinement, [a prisoner] needed only to allege that [a defendant] deliberately ignored a prison condition that presented an objectively, sufficiently serious risk of harm." Pyles v. Fahim, 771 F.3d 403, 409 (7th Cir. 2014). "Federal courts consistently have adopted the view that slippery surfaces and shower floors in prisons, without more, cannot constitute a hazardous condition of confinement." Id. Nevertheless, prison officials "must address easily preventable, observed hazards that pose a significant risk of

2

severe harm to inmates." Anderson v. Morrison, 835 F.3d 681, 683 (7th Cir. 2016). Giving the inferences to which Mr. Phelps is entitled at this stage, the complaint suggests that the condition presented a more substantial risk of harm than a slippery surface or a wet floor. The complaint states a plausible Eighth Amendment claim of deliberate indifference to a hazardous condition against Lieutenant McNeal.

Next, Mr. Phelps asserts an Eighth Amendment claim against Sergeant Gordon for denying his request to return to the medical unit. To establish such a claim, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. Farmer v. Brennan, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. Greeno v. Daley, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that "the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." Board v. Farnham, 394 F.3d 469, 478 (7th Cir. 2005). Based on the allegations that Sergeant Gordon denied his request to return to the medical unit for treatment for the reopened head wound, the complaint states a plausible Eighth Amendment claim of deliberate indifference to a medical need against Sergeant Gordon.

Mr. Phelps further asserts a claim against Lieutenant McNeal and Sergeant Gordon for attempting to persuade a correctional officer to issue a false disciplinary

3

report against Mr. Phelps for tampering with the shelf. He suggests that these defendants were engaged in act of collusion intended to conceal their negligent conduct. While the court does not encourage such behavior from correctional staff, it is unclear how an unsuccessful attempt to persuade a correctional officer to issue a false disciplinary report amounts to a constitutional violation. Therefore, Mr. Phelps may not proceed on these allegations.

Mr. Phelps also names Warden Neal as a defendant due to his supervisory role at the Westville Correctional Facility. "[L]iability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise." Burks v. Raemisch, 555 F.3d 592, 594 (7th Cir. 2009). Because Mr. Phelps concedes that Warden Neal was not personally involved with his claims, he cannot proceed against Warden Neal. Additionally, Mr. Phelps names Wexford Medical as a defendant due to the inadequate care he received at the medical unit. Corporate entities "[may] not be held liable under § 1983 on a *respondeat superior* theory." Calhoun v. Ramsey, 408 F.3d 375, 379 (7th Cir. 2005). Rather corporate liability exists only "when execution of a [corporation's] policy or custom . . . inflicts the injury." Id. Mr. Phelps cannot proceed against Wexford Medical because he has not identified a policy or custom that caused the inadequate treatment for his head injury.

For these reasons, the court:

(1) GRANTS Cody W. Phelps leave to proceed against Lieutenant McNeal on an Eighth Amendment claim for money damages for subjecting him to hazardous conditions by returning him to his cell on January 31, 2019;

4

(2) GRANTS Cody W. Phelps leave to proceed against Sergeant Gordon on an Eighth Amendment claim for money damages for acting with deliberate indifference to serious medical needs by denying his request to return to the medical unit on January 31, 2019;

(3) DISMISSES Warden Neal and Wexford Medical;

(4) DISMISSES all other claims;

(5) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Lieutenant McNeal and Sergeant Gordon at the Indiana Department of Correction with a copy of this order and the complaint (ECF 1) as required by 28 U.S.C. § 1915(d); and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Lieutenant McNeal and Sergeant Gordon to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which Cody W. Phelps has been granted leave to proceed in this screening order.

SO ORDERED on September 25, 2019

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT