UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CODY W. PHELPS,

    Plaintiff,

    v.     CAUSE NO. 3:19-CV-331-RLM-MGG

LT. McNEAL and A. GORDON,

    Defendants.

OPINION AND ORDER

Cody Phelps, a prisoner without a lawyer, is proceeding in this case on two claims: "against Lieutenant McNeal on an Eighth Amendment claim for money damages for subjecting him to hazardous conditions by returning him to his cell on January 31, 2019," and "against Sergeant Gordon on an Eighth Amendment claim for money damages for acting with deliberate indifference to serious medical needs by denying his request to return to the medical unit on January 31, 2019[.]" ECF 10 at 4-5. The defendants filed a motion for summary judgment. ECF 30. The time for further briefing has passed, so the court will decide the defendants' summary judgment motion.

I.     FACTS

Mr. Phelps was hurt when a shelf fell from the wall in his cell and hit him on the head. Mr. Phelps had a wound on his right temple about two-and-a-half inches long. *Id*. Mr. Phelps reported the injury and Lt. Neal took him to medical about half

an hour later. Medical staff treated Mr. Phelps with a bandage and released him. Lt. McNeal escorted Mr. Phelps back to the cell block and returned him to his same cell, where he was kept for seven hours. Mr. Phelps's bandage fell off when he took his hat off upon returning to his cell. Mr. Phelps asked a correctional officer if he could go back to the medical unit. Sgt. Gordon called the medical unit and asked if Mr. Phelps should return because his bandage had fallen off, and the medical personnel informed her it wasn't necessary for Mr. Phelps to return because they had just treated him and they would send more bandages to his cell instead. Sgt. Gordon didn't take Mr. Phelps back to the medical unit. Mr. Phelps was eventually moved to a different cell while the damaged shelf in his cell was repaired. It's unclear whether Mr. Phelps was returned to the same cell after the shelf was repaired. Neither side disputes these facts, and the courts accepts them as undisputed.

The defendants submitted photos of Mr. Phelps's injury and the condition of his cell. Mr. Phelps responds (the court accepts as undisputed) that these photos were taken seven hours after he returned to his cell from medical. Mr. Phelps also asserts that the photos are deceptive because they are in black and white, but the court has received color copies of the photos. Lastly, Mr. Phelps asserts there's a photo missing, but he hasn't provided the photo and didn't explain what that photo would have shown.

## II.   ANALYSIS

### STANDARD OF REVIEW

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. Heft v. Moore, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion can't rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." Goodman v. Nat'l Sec. Agency, Inc., 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." Trade Fin. Partners, LLC v. AAR Corp., 573 F.3d 401, 407 (7th Cir. 2009). Summary judgment "is the put up or shut up moment in a lawsuit . . . ." Springer v. Durflinger, 518 F.3d 479, 484 (7th Cir. 2008).

   i. CONDITIONS-OF-CONFINEMENT CLAIM AGAINST LT. McNEAL

The Eighth Amendment requires prison officials "must provide humane conditions of confinement . . . and must 'take reasonable measures to guarantee the safety of the inmates.'" Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quoting Hudson v. Palmer, 468 U.S. 517, 526–527 (1984)). Conditions of confinement must be severe to support an Eighth Amendment claim. "[T]he prison officials' act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'" *Id.* at 834.

3

The Eighth Amendment only protects prisoners from conditions that "exceed contemporary bounds of decency of a mature, civilized society." Jackson v. Duckworth, 955 F.2d 21, 22 (7th Cir. 1992). In other words, "[a]n objectively sufficiently serious risk is one that society considers so grave that to expose any unwilling individual to it would offend contemporary standards of decency." Christopher v. Buss, 384 F.3d 879, 882 (7th Cir. 2004) (quotation marks and citations omitted).

Mr. Phelps was granted leave to proceed "against Lieutenant McNeal on an Eighth Amendment claim for money damages for subjecting him to hazardous conditions by returning him to his cell on January 31, 2019," after he returned from medical. ECF 10 at 4. It is undisputed that Mr. Phelps was hurt when a shelf fell from his cell wall and that Lt. McNeal returned Mr. Phelps to the same cell after he received treatment. Mr. Phelps does not argue that the damaged shelf posed any continuing threat after he was returned to his cell. Instead, he argues the cell was unsafe because it had deteriorating concrete, the ceiling was "tore up," and the ceiling had collapsed on another offender in 2008. Sgt. Gordon attests that Mr. Phelps' cell was in its normal working condition except for the damaged shelf and there was no indication the ceiling was caving in or debris had fallen that would endanger Mr. Phelps. Mr. Phelps responds that the photos show "part of the ceiling missing." The photos accompanying the summary judgment motion show only that the ceiling had chipped paint; they don't show any deformities that could have posed a threat to Mr. Phelps. Scott v. Harris, 550 U.S. 372, 380-81 (2007) (holding that "[w]hen

4

opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment"). Mr. Phelps's assertion that the ceiling previously collapsed in 2008 does not show that the ceiling continued to pose a threat in January 2019. The record doesn't indicate that the ceiling posed any threat to Mr. Phelps and shows only that Mr. Phelps was held in a cell without a shelf, which didn't deny him the "minimal civilized measure of life's necessities." *See* Farmer v. Brennan, 511 U.S. at 834. Summary judgment is warranted in favor of Lt. McNeal on this claim.

ii. DELIBERATE INDIFFERENCE CLAIM AGAINST SGT. GORDON

Under the Eighth Amendment, inmates are entitled to adequate medical care. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. Farmer v. Brennan, 511 U.S. at 834. A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. Greeno v. Daley, 414 F.3d 645, 653 (7th Cir. 2005). On the subjective prong, the plaintiff must establish the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." Board v. Farnham, 394 F.3d

5

469, 478 (7th Cir. 2005) (internal quotation marks, brackets, and citations omitted). "If a prisoner is under the care of medical experts a non-medical prison official will generally be justified in believing that the prisoner is in capable hands." Greeno v. Daley, 414 F.3d at 656 (ellipsis omitted) (quoting Spruill v. Gillis, 372 F.3d 218, 236 (3rd Cir. 2004)).

Mr. Phelps was granted leave to proceed against Sgt. Gordon for "acting with deliberate indifference to serious medical needs by denying his request to return to the medical unit on January 31, 2019[.]" ECF 10 at 5. It is undisputed that Sgt. Gordon contacted the medical unit after Mr. Phelps's bandage fell off and the medical personnel told her that it was unnecessary for Mr. Phelps to return and they would send additional bandages to his cell. Mr. Phelps responds that "any lay person" could see he required stitches, not just a bandage, and that Sgt. Gordon knew he needed stitches because she is the mother of several children. But the facility's medical staff, not Sgt. Gordon, decided to treat Mr. Phelps' injury with a bandage. Sgt. Gordon attests she didn't see Mr. Phelps as needing immediate medical attention because she knew he had just received treatment from the medical staff and she relied upon their judgment. Because it is undisputed that Sgt. Gordon relied on the expertise of the medical staff in determining that Mr. Phelps received appropriate treatment for his injury, no reasonable jury could conclude she was deliberately indifferent to Mr. Phelps's injury. See Burks v. Raemisch, 555 F.3d 592, 596 (7th Cir. 2009) ("A layperson's failure to tell the medical staff how to do its job cannot be called deliberate

6

indifference"). Summary judgment is thus warranted in favor of Sgt. Gordon on this claim.

For these reasons, the court:

(1) GRANTS the defendants' summary judgment motion (ECF 30); and

(2) DIRECTS the clerk to enter judgment in favor of the defendants and against Cody Phelps.

SO ORDERED on July 26, 2021

/s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT