UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CODY W. PHELPS,

    Plaintiff,

    v.                                      CAUSE NO. 3:19-CV-331-RLM-MGG

LT. McNEAL and A. GORDON,

    Defendants.

## OPINION AND ORDER

Cody Phelps, a prisoner without a lawyer, has filed an "objection" to the court's order granting summary judgment to the defendants. ECF 65. Because the motion was filed within 28 days of judgment, the court construes it pursuant to Federal Rule of Civil Procedure 59(e). *See* Erickson v. Pardus, 551 U.S. 89, 94 (2007) and Banks v. Chicago Bd. of Educ., 750 F.3d 663, 666 (7th Cir. 2014). "Altering or amending a judgment under Rule 59(e) is permissible when there is newly discovered evidence or there has been a manifest error of law or fact." Harrington v. City of Chicago, 433 F.3d 542, 546 (7th Cir. 2006).

Mr. Phelps brought this suit alleging the defendants violated his constitutional rights by providing him inadequate medical care and returning him to the same cell after a shelf fell from his cell wall and struck him on the head. Mr. Phelps originally brought this action against four defendants – Warden Neal, Wexford Medical Services, Lt. McNeal, and Sgt. Gordon. The court dismissed Warden Neal and Wexford at the screening stage and later granted summary judgment in favor of Lt.

McNeal and Sgt. Gordon (ECF 55). In his motion for reconsideration, Mr. Phelps argues that the court improperly dismissed each defendant.

**Warden Neal.** The court dismissed Warden Neal at the screening stage because Mr. Phelps alleged Warden Neal was liable only due to his supervisory role and conceded he wasn't personally involved with the claims. In his Rule 59(e) motion, Mr. Phelps asserts Warden Neal "knows of the threat this prison holds to inmates[.]" ECF 65 at 5. Because Mr. Phelps still doesn't allege Warden Neal was personally involved in his claims, there is no basis to reconsider Warden Neal's dismissal from this action. *See* Burks v. Raemisch, 555 F.3d 592, 594 (7th Cir. 2009) (holding that "liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise").

**Wexford.** The court dismissed Wexford at the screening stage because corporate entities can't be held liable on a *respondeat superior* theory and can only be liable when execution of the corporation's policy or custom inflicts the injury. ECF 10 at 4. In his motion for reconsideration, Mr. Phelps asserts Wexford is liable because Wexford's employees didn't follow its policy. ECF 65 at 5. Because Mr. Phelps still doesn't allege that Wexford's policy or custom harmed him, there is no basis to reconsider Wexford's dismissal from this action.

**Lt. McNeal.** Before the grant of summary judgment, Mr. Phelps was proceeding on a conditions-of-confinement claim against Lt. McNeal for returning Mr. Phelps to the same cell for a seven-hour period after the shelf fell from the cell wall. The court granted summary judgment in Lt. McNeal's favor because there was no

evidence the condition of Mr. Phelps' cell denied him the "minimal civilized measure of life's necessities." ECF 55 at 4-5. The court determined (1) Mr. Phelps hadn't provided evidence the damaged shelf continued to pose any threat, and (2) the record didn't support Mr. Phelps' assertion the deteriorating condition of the cell's ceiling posed a threat. *Id.* In his motion for reconsideration, Mr. Phelps now asserts: (1) he shouldn't have been in that cell because his disciplinary segregation sentence had expired; (2) Lt. McNeal tried to cover up the accident by blaming the shelf collapse on Mr. Phelps; (3) the cell's ceiling posed a threat because the concrete was deteriorating; and (4) the damaged shelf remained in his cell and continued to pose a threat. ECF 65 at 2-5. Mr. Phelps raised, or could have raised, each of these arguments in his response to the summary judgment motion. *See* Ahmed v. Ashcroft, 388 F.3d 247, 249 (7th Cir. 2004) (holding that "[r]econsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion"). To the extent the court misunderstood Mr. Phelps's allegations regarding whether the damaged shelf remained in Mr. Phelps's cell during the seven-hour period, this misunderstanding isn't material because the presence of the damaged shelf didn't deny Mr. Phelps the "minimal civilized measure of life's necessities." Mr. Phelps hasn't explained why he couldn't simply avoid the shelf during that seven-hour period. There is no new argument in the motion to reconsider that warrants disturbing the grant of summary judgment in favor of Lt. McNeal.

**Sgt. Gordon.** Before the grant of summary judgment, Mr. Phelps was proceeding on a deliberate-indifference claim against Sgt. Gordon for providing him inadequate medical care for his head injury. The court granted summary judgment to Sgt. Gordon because it was undisputed Sgt. Gordon relied on the expertise of medical staff in determining that Mr. Phelps received appropriate treatment for his injury. ECF 55 at 5-7. In his motion for reconsideration, Mr. Phelps argues the defendants offered no evidence aside from Sgt. Gordon's affidavit that Sgt. Gordon ever contacted medical regarding Mr. Phelps' injury. ECF 65 at 2-3. Mr. Phelps didn't dispute Sgt. Gordon's attestation that she contacted medical regarding Mr. Phelps's injury and the court accepted that evidence as undisputed. *See* ECF 55 at 6. Mr. Phelps can't dispute that evidence for the first time in a motion for reconsideration. *See* Publishers Resource v. Walker–Davis Publications, 762 F.2d 557, 561 (7th Cir. 1985) (holding that a motion for reconsideration cannot be used to introduce new evidence or arguments that could have been presented during the pendency of the previous motion). Thus, there is no new argument in the motion to reconsider that warrants disturbing the grant of summary judgment in favor of Sgt. Gordon.

Mr. Phelps hasn't provided any basis for overturning the judgment. For reasons fully explained in the dismissal orders, this case was properly dismissed. Thus, the motion to reconsider (ECF 65) is DENIED.

SO ORDERED on August 30, 2021

/s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT

4